UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEORGE EDWARD MYERS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:11 CV 65 RWS |
| JEFF NORMAN, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner George Edward Myers seeks a writ of habeas corpus. In his Petition Myers alleges five grounds for relief. I referred this matter to United States Magistrate Judge David D. Noce for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On April 14, 2014, Judge Noce filed his recommendation that Myers' habeas petition should be denied.

Myers timely filed objections to the Report and Recommendation. I have conducted a de novo review of all matters relevant to the petition. I find that Judge Noce correctly analyzed Myers' grounds for relief and correctly applied the law in reaching his recommendation. After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Noce and will deny Myers' habeas petition.

*Background*

Myers was found guilty by a jury of murder in the second degree and of distribution or delivery of a controlled substance for providing and injecting Megan Williams with oxycodone, causing her death. He was sentenced to life imprisonment for the murder conviction and a

concurrent sentence of life imprisonment without parole for distribution or delivery of a controlled substance as a prior and persistent offender.

In his present habeas petition Myers asserts five grounds for relief. Those grounds are:

1) The trial court violated petitioner's right to due process and confrontation by admitting the testimony of Joseph Gercone that Megan Williams told him that petitioner's injection caused her pain and that petitioner had difficulty locating a vein.

2) The trial court violated petitioner's right to due process by sentencing him as a persistent drug offender when petitioner had only one prior felony related to a controlled substance.

3) The post-conviction relief court violated petitioner's right to due process by denying his claim of actual innocence without an evidentiary hearing that would have shown that Joe Gercone told Thomas Tobias and Leslie Daniely Moore that Joe Gercone injected himself and Megan Williams in the early morning.

4) His trial counsel rendered constitutionally ineffective assistance by:

    a. Failing to object to the verdict director for felony murder because it omitted the requirement that the death occur "in the perpetration or attempted perpetration" of a felony.

    b. Failing to call Thomas Tobias as a witness at trial who would have testified that Joseph Gercone injected Megan Williams in the early morning.

    c. "Opening the door" and allowing the admission of the testimony of Joseph Gercone that Megan Williams told him that petitioner's injection caused her pain and that petitioner had difficulty locating a vein.

    d. Failing to object to the trial court's consideration of petitioner's refusal to admit to the crime and refusal to assume responsibility.

5) His appellate counsel rendered constitutionally ineffective assistance by failing to argue that the verdict director for felony murder was erroneous due to the omission of the requirement that the death occur "in the perpetration or attempted perpetration" of a felony.

In his report and recommendation, Judge Noce found that each of Myers' grounds for relief were either noncognizable in this habeas action (grounds 2 and 3) or were without merit (grounds 1, 4, and 5). I have conducted a <u>de novo</u> review of Myers' petition and find that Judge

Noce correctly concluded that grounds 2 and 3 are noncognizable and that grounds 1, 4, and 5 are without merit.

*Myers' Objections to the Magistrate Judge's Report and Recommendation*

In his objections to the report and recommendation, Myers largely restates arguments he made in support of his habeas petition. To the extent that Myers' objections duplicate the arguments raised in his petition, I will overrule them for the reasons stated in the report and recommendation.

Myers also asserts a new argument in his objections in support of his claim that the trial court erred by sentencing him as a persistent drug offender (ground 2). Myers now argues that sentencing him as a persistent drug offender violates the ex post facto clause of the United States Constitution because one of the prior convictions that was used to establish his status as a persistent offender occurred in 1993, which, Myers claims, was three years before the relevant sentencing enhancement statute, Missouri Revised Statutes section 195.291, was enacted.

Myers' ex post facto argument fails because it is procedurally defaulted. While Myers raised this argument in his first amended motion for acquittal [#11, Ex. B at 99-100], he failed to raise it in his direct appeal [#11, Ex. C], in his motions for post-conviction relief [#11, Ex. F], and in his appeal of his post-conviction proceeding [#11, Ex. G]. As a result, Myers is procedurally barred from raising these issues here in his habeas petition. Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997) (concluding that petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court).

Additionally, even if Myers' ex post facto argument was not procedurally barred, it would fail because it is based on Myers' mistaken belief that section 195.291 of the Missouri

3

Revised Statutes, which authorizes sentencing enhancements for prior and persistent drug offenders, was enacted in 1996. Section 195.291 was actually enacted in 1989, which was four years *before* Myers' 1993 conviction. S.B. 215 & 58, 85th Gen. Assemb., 1st Reg. Sess. (Mo. 1989). While section 195.291 was amended in 1996, the 1996 amendments are not relevant to Myers' claim.

Furthermore, even if Myers' argument did not suffer from procedural defects or lack of factual support, it would fail on the merits. Sentence enhancement statutes generally withstand constitutional attacks. State v. Zoellner, 920 S.W.2d 132, 135 (Mo.App. E.D. 1996) (citing State v. Acton, 665 S.W.2d 618, 619 (Mo. banc 1984)). Valid sentence enhancement statutes do not punish a defendant for his prior convictions; rather, they punish him as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct. Id. Such was the case here. As a result, Myers' ex post facto objection is overruled.

Myers also objects to Judge Noce's conclusion that ground 4(d) is without merit. Myers contends that trial counsel was ineffective for failing to object to the sentencing court's consideration of Myers' refusal to admit to the crime and his refusal to accept responsibility in formulating his sentence. Myers' main objection to the report and recommendation is that his case can be distinguished from other Missouri cases holding that it is proper for a sentencing court to consider a defendant's lack of remorse. This objection is without merit. Missouri law permits the consideration of lack of remorse and failure to assume responsibility in situations similar that of Myers. State v. Collins, 290 S.W.3d 736, 747 (Mo. Ct. App. 2009). Furthermore, Judge Noce correctly applied the governing law to the facts of Myers' case and correctly concluded that the state appellate court reasonably found that Myers' trial counsel did

not render constitutionally deficient performance. For these reasons, Myers' objections regarding ground 4(d) are overruled.

*Conclusion*

I agree with Judge Noce's recommendation that Myers' petition for habeas relief should be denied. Myers' objections are overruled, and I adopt and sustain Judge Noce's Report and Recommendation in its entirety.

I have also considered whether to issue a certificate of appealability based on the claims raised in Myers' habeas petition. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Myers has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner George Edward Myers' Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2014.